01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., | )<br>)<br>) CASE NO. C09-1026TSZ<br>)<br>)<br>) ORDER<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| LOAN NETWORK, LLC, | |
| Defendant. | |

THIS MATTER comes before the Court on the Motion for Summary Judgment, docket no. 33, filed by Plaintiff Lehman Brothers Holdings, Inc. ("LBHI"). Defendant Loan Network, L.L.C. ("Loan Network") filed no opposition to the motion for summary judgment, which the Court construes as an admission that the motion has merit. See Local Rule CR 7(b)(2). Having reviewed the materials submitted by LBHI, the Court also concludes the motion has merit, and enters the following Order.

ORDER
PAGE -1

## I. Facts

### A. The Loan Purchase Agreement

On January 10, 2007, Loan Network entered into a written loan purchase agreement (the "Agreement") with Lehman Brothers Bank ("LBB"). Mot., Ex. 1 (Trumpp Decl.) at Ex. 1-A, docket no. 33. Pursuant to the Agreement, Loan Network negotiated residential mortgage loans with consumers and then sold those loans to LBB. Id. at ¶ 4.

The Agreement incorporated by reference the terms of the Seller's Guide of Aurora Loan Services, L.L.C. (the "Seller's Guide"), a subsidiary of LBB. Id. at Exs. 1-A, 1-B. Pursuant to a provision of the Seller's Guide, Loan Network warranted that none of the documents associated with any of the mortgage loans sold to LBB were falsified, fraudulent, or otherwise contained any untrue statements, or omitted any material facts. Id. at Ex. 1-B, §§ 703(1), (12). If LBB determined that any loan application contained falsified or fraudulent information that materially or adversely affected the value of a loan, the Seller's Guide obligated Loan Network to either (1) repurchase the loan from LBB within thirty days of a written demand; or (2) indemnify LBB if LBB had already sold the loan. Id. at Ex. 1-B, § 710. The Seller's Guide also provided LBB with repurchase or indemnification remedies in the event of an early payment default[1] by the borrower on the loan. Id.

---

[1] The Seller's Guide defines an early payment default as the failure by the borrower, on any loan that was

**B.    The Alba Loan**

On May 5, 2007, Cynthia Alba telephoned Loan Network and spoke with a mortgage broker about obtaining a home loan.  Id. at Ex. 1-C.  Alba told Loan Network that her monthly income was roughly $6,000.00.  Mot., Ex. 2 (Alba Dep.) at 10, docket no. 33.  During the call, the mortgage broker filled out a loan application for Alba that indicated she had a monthly income of $15,000.00.  Id.  See also Mot., Ex. 1 (Trumpp Decl.) at Ex. 1-C, docket no. 33.  The same day, Loan Network approved Alba's loan application and the parties executed a promissory note for a loan of $303,877.00 (the "Alba Loan").  Id. at Ex. 1-D.  Loan Network sold the Alba Loan to LBB on June 28, 2007.  Id. at ¶ 6; Ex. 1-F.  LBB assigned the Alba Loan to LBHI, including all of LBB's rights under the Agreement and the Seller's Guide.  Id. at ¶ 4; Ex. 1-E.

Alba's first payment was due on August 1, 2007.  Id. at Ex. 1-F.  Alba did not make the first payment on the Alba Loan until September 25, 2007.  Id. at Ex. 1-G.  On September 19, 2007, pursuant to the terms of the Seller's Guide, LBB[2] sent an early payment default notice to Loan Network, and demanded that Loan Network repurchase the loan.  Id. at Ex. 1-H.  Loan Network did not repurchase the Alba Loan within thirty

---

prior-approved by LBB, to make the first monthly payment on the loan within thirty days of the first payment due date.  Id. at Ex. 1-B, § 715.

[2] LBB's authorized agent, Aurora Loan Services, L.L.C., prepared and delivered the notice.  Id. at ¶¶ 5-6; Ex. 1-H.

ORDER
PAGE -3

days. Id. at ¶ 11.

On April 1, 2008, LBHI sold the Alba Loan to the Structured Asset Securities Corporation ("SASCO") for $142,187.53. Id. at Exs. 1-I, 1-J. Including accrued unpaid interest, the sale resulted in a loss of $163,540.20.[3]

## II. Discussion

### A. Summary Judgment Standard

Summary judgment shall be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When a properly supported motion for summary judgment has been presented, the adverse party "may not rest upon the mere allegations or denials" of its pleadings. Fed. R. Civ. P. 56(e). The non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial. Id.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### B. Choice of Law

Both the Agreement and the Seller's Guide contain choice-of-law provisions that provide for the application of New York law. Mot., Ex. 1 (Trumpp Decl.) at Ex. 1-A, § 8; Ex. 1-B § 713. To determine what law applies, the Court applies Washington's

---

[3] A complete calculation of the repurchase price is set forth in the materials filed by LBHI. See id. at ¶¶ 13-21; Ex. 1-K.

choice of law rules.  Arno v. Club Med Boutique, Inc., 134 F.3d 1424, 1425 (9th Cir. 1998) (in a diversity action, federal court must apply choice of law rules of the forum state).  Under Washington's choice of law rules in contract cases, courts generally apply the law of the forum selected by the parties in their contract.  See Erwin v. Cotter Health Ctrs., 161 Wn.2d 676, 167 P.3d 1112 (2007). [4]  Therefore, New York law applies to this dispute.

### B. Breach of Contract Claim

To establish a breach of contract under New York law, a party must show (1) the existence of a contract; (2) performance of the contract by the plaintiff; (3) breach by the defendant; and (4) damages resulting from the breach.  Marks v. New York Univ., 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999).  Here, the record reflects that the parties entered into a valid contract, pursuant to which LBHI (through its predecessor-in-interest) purchased the Alba Loan.  Mot., Ex. 1 (Trumpp Decl.), Exs. 1-A, 1-B, 1-F.  The Agreement required Loan Network to repurchase the Alba Loan upon demand in the event of an early payment default or the discovery of any misrepresentations in the loan application documents.  Id. at Exs. 1-A, 1-B.  Nonetheless, although the Alba Loan application materials contained misrepresentations about Cynthia Alba's income, and

---

[4] Washington recognizes two exceptions to the general rule that contractual choice of law provisions are enforceable.  The contractually chosen law will not apply where (1) the chosen state has no substantial relationship to the parties or the transaction and there is no reasonable basis for the parties' choice; or (2) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of a particular issue and which would be the state of the applicable law in the absence of an effective choice of law by the parties.  Erwin, 161 Wn.2d at 694 (citing Restatement (Second) of Conflict of Laws, § 187 (1971)).  Neither exception applies in the present case.

the Alba Loan experienced an early payment default, Loan Network failed to repurchase the loan upon timely demand by LBHI, in breach of the Agreement. Id. at ¶ 11. Although LBHI took steps to mitigate its losses by selling the Alba Loan, it nonetheless incurred a loss of $163,540.20. See id. at ¶¶ 13-21; Ex. 1-K. Accordingly, the Court finds that there is no genuine issue of material fact in dispute for trial, and GRANTS LBHI's motion for summary judgment, docket no. 33, on its breach of contract claim.

As the prevailing party on a breach of contract claim, under New York law, LBHI is also entitled to prejudgment interest at the statutory rate of nine (9) percent per annum. N.Y. C.D.L.R. 5001, 5002, 5004. Prejudgment interest at a rate of nine percent per annum from the date of breach on October 19, 2007,[5] through the date when LBHI's sale of the Alba Loan to SASCO closed on May 31, 2008, a total of 225 days, amounts to $16,961.61. See Mot., Ex. 1 (Trumpp Decl.) ¶¶ 15-22; Ex. 1-K. Thereafter, in the 885 days between liquidation of the Alba Loan and the Court's entry of final judgment on November 3, 2010, LBHI accrued additional interest on the remaining balance of the loan in the amount of $35,687.61. LBHI is entitled to a total award of prejudgment interest in the amount of $52,649.22.

**C.     Attorneys' Fees**

State law establishes the required showing for attorneys' fees in an action in diversity. Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 827 (9th Cir.

---

[5] October 19, 2007 is thirty days after LBHI first sent Loan Network the written demand to repurchase the Alba Loan. See Mot., Ex. 1 (Trumpp Decl.) at Ex. 1-B § 710, docket no. 33, (requiring repurchase within thirty days of demand).

2009).  Under New York law, a prevailing party in a breach of contract case is entitled to recover its attorneys' fees if the contract provides for an award of fees.  Granada Condo. I v. Morris, 639 N.Y.S.2d 91, 93, 225 A.D.2d 520 (N.Y. App. Div. 1996). Here, the Agreement provides for an award of attorneys' fees to LBHI as the prevailing party in any litigation to enforce Loan Network's obligations under the Agreement. Mot., Ex. 1 (Trumpp Decl.) at Ex. 1-B, § 711, docket no. 33.

But the Court may only enforce an award of attorneys' fees pursuant to a contractual provision if the amount of fees claimed is reasonable and warranted for the services actually rendered.  See Yonkers Rib House, Inc. v. 1789 Cent. Park Corp., 880 N.Y.S.2d 148, 149, 63 A.D.3d 726 (N.Y. App. Div. 2009).

New York courts apply the traditional lodestar methodology to calculate a reasonable attorney fee award.  See generally McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc., 672 N.Y.S.2d 230, 176 Misc.2d 325 (N.Y. Sup. Ct. 1997) (complete discussion of New York law on the calculation of reasonable attorneys' fees). Under the lodestar methodology, the Court must first set a presumptive lodestar figure by multiplying the hours reasonably expended in the litigation by the reasonable hourly rate.  Id. at 232.  An award of fees is only appropriate if the attorney for the prevailing party submits a sufficient affidavit of services.  See Bankers Fed. Sav. Bank FSB v. Off W. Broadway Developers, 638 N.Y.S.2d 72, 224 A.D.2d 376 (N.Y. App. Div. 1996).

01       Although LBHI submitted invoices identifying nine individuals who billed time

02 on this matter, see Mot., Ex. 3 (Mowrey Decl.) at Ex. 3-A, docket no. 33, LBHI only

03 provided a description of attorney Robert T. Mowrey's qualifications.  See id. at

04 ¶¶ 5-12.  Because Mr. Mowrey's declaration does not describe the qualifications of the

05 other individuals identified in the invoices, the Court cannot determine the

06 reasonableness of their rates for purposes of calculating a lodestar figure.

07       Moreover, even if the Court could determine the reasonableness of the other

08 attorneys' hourly rates, the plaintiff's current submissions are so heavily redacted that

09

10 the Court could not possibly determine whether the time billed to this matter by

11 plaintiff's counsel is reasonably related to the case.  See id. at Ex. 3-A.  Although the

12 Court recognizes that select portions of time entries must be redacted to preserve

13 privilege (such as a time entry describing the contents of a letter or telephone call with a

14 client), the plaintiff must provide a sufficient description of the specific tasks performed

15 in connection with the case for the Court to determine whether the amount of time spent

16 on the case is reasonable.

17       LBHI has failed to submit sufficient evidence of its counsels' experience and

18 qualifications and the reasonableness of their rates as compared with those charged in

19

20 the relevant legal community.   LBHI also has not adequately described the time spent

21 by its attorneys on this litigation.   Accordingly, the Court DENIES without prejudice

22

ORDER
PAGE -8

LBHI's request for attorneys' fees.  LBHI may file a post-judgment motion for attorneys' fees with adequate supporting documentation.

### D. Costs

In this district, Local Rules require the prevailing party to file a separate motion to recover taxable costs, to be decided by the Clerk of the Court.  See Local Rule CR 54(d)(1).  If a party fails to file a motion for costs, all costs, other than statutory costs, are deemed waived.  Id.  To the extent LBHI has moved for an award of costs, the Court construes LBHI's request as a motion under Local Rule CR 54(d), and REFERS the motion to the Clerk of the Court.

### III. Conclusion

The Court GRANTS in part and DENIES in part LBHI's motion for summary judgment, docket no. 33.  LBHI is entitled to final judgment against Loan Network in the amount of $163,540.20 for Loan Network's breach of contract.  LBHI is further entitled to prejudgment interest in the amount of $52,649.22.  The judgment shall bear interest at the statutory rate of nine (9) percent per annum.  N.Y. C.D.L.R. 5004.

The Court DENIES without prejudice LBHI's motion for attorneys' fees, and REFERS LBHI's motion for costs to the Clerk pursuant to Local Rule CR 54(d)(1).

///

///

///

01      IT IS SO ORDERED.

02      DATED this 3rd day of November, 2010.

```
                                    /s/ Thomas S. Zilly
                                    _____
                                    Thomas S. Zilly
                                    United States District Judge
```

ORDER
PAGE -10